[No. 2467.]

WILSON v. JONES, SHERIFF.

Chattel Mortgages—Merchandise—Possession and Use.

A chattel mortgage on a stock of merchandise which provides that until default the mortgagor shall retain possession of the stock of goods and use and enjoy the same, is void as to creditors of the mortgagor, but where a merchant executed a chattel mortgage on specific articles, each of which was separately described in the mortgage, some of which articles were never part of the stock of merchandise and those that were part of the stock in trade were segregated from the stock, and each article was capable of being put to a practical use while in the possession of the mortgagor, a provision in the mortgage authorizing the mortgagor to retain possession of the chattels and to use and enjoy the same will not be construed as authorizing a sale of the chattels mortgaged, and will not invalidate the chattel mortgage.

*Appeal from the District Court of Arapahoe County.*

Mr. PHILO B. TOLLES and Mr. THOMAS D. COBBEY, for appellant.

Messrs. ROGERS, CUTHBERT & ELLIS, for appellee.

THOMSON, P. J.

On the 2d day of February, 1900, The Lobach Hardware Company executed its chattel mortgage to John M. Wilson to secure the payment to him of its promissory note for $155, made the same day, and due three months from its date. The mortgage was duly recorded on the following day. On the 3d day of April, 1900, the sheriff, Robert J. Jones, seized certain of the articles enumerated in the mortgage, by virtue of a writ of execution issued on a judgment recovered on that day against the hardware company. Wilson brought this action to recover the property from the sheriff. In his complaint, he alleged himself to be its owner, and entitled to its immediate possession, in virtue of his mortgage.

The defendant answered that the mortgage contained a provision that until default made by the mortgagor in the performance of the conditions of the mortgage, it should be lawful for it to retain the possession of the mortgaged goods and chattels and use and enjoy the same; and that the effect of this provision was to render the mortgage void as against creditors, of whom the execution plaintiff was one. This appeal is from a judgment rendered in the cause against the plaintiff.

The mortgage embraced a number of articles, each of which was specifically designated in the instrument. There were counters, showcases, tools used in the carrying on of the mortgagor's business, and certain stoves and heaters, each of which was described by the name and number which it bore.

The stoves and heaters were the only articles which had belonged to the company's stock in trade, and they were separated from the stock and placed in the back part of the storeroom. The mortgage further provided that in case of default in payment of the note according to its tenor, or in case of attachment, or attempted sale or removal of any part of the property by the mortgagor without permission from the mortgagee, the latter should be entitled to its immediate and full possession.

The contention for the defendant is that the provision of the mortgage authorizing the mortgagor until default in the performance of its conditions to retain possession, and have the use and enjoyment of the property, rendered the instrument void as to creditors. A mortgage of a stock of merchandise, by the terms of which an unrestricted right is reserved in the mortgagee to retain, use and enjoy the mortgaged property, is so void. The business of a merchant is to sell the articles composing his stock as they are called for. He holds the stock for no other purpose; and it may be said generally that sales from the stock constitute the only use and enjoyment compatible with the business.—*Wilson v. Voight,* 9 Colo. 614; *Estes v. Bank,* 15 Colo. App. 526.

This mortgage, however, in terms, made the sale by the mortgagor of any part of the mortgaged property a breach of the conditions of the mortgage, so that the parties could not have intended the permission to use and enjoy until a violation of those conditions as an authority to sell. In *Estes v. Bank, supra,* we had occasion to consider the effect of a prohibitory clause similar to this, upon the general permission to use and enjoy a stock of goods, and held that it controlled.

But it is only in case of a mortgage of the stock as an entirety that the permission to use and enjoy

may be construed as an authority to sell. Ordinarily, to use, or to enjoy does not mean to sell; but a merchant uses his stock for the purposes of trade, and those purposes require that he sell the articles composing it as opportunity offers. The nature of his business, therefore, demands that a permission to use be construed as a permission so to sell. But the reason for such construction, where the property is described only as a stock of merchandise, the identity of the individual constituents of which is lost in the general mass, has no existence in the case of a mortgage of specific and separately described chattels. This was not a mortgage of a stock. It was a mortgage of an enumerated list of articles, some of which were never part of the stock, and others were segregated from the stock by the mortgage. The use of those articles by the mortgagor was entirely consistent with their continued possession in him; and, not being mortgaged as a stock of merchandise, but as separate pieces of personal property, each of which was capable of being put to practical use while remaining in the mortgagor's possession, the liberty given to use and enjoy them was not a liberty to sell them. This mortgage furnished creditors of the company with no ground of complaint.

The judgment will be reversed.

*Reversed.*